**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LEEROY QUIROS, WILBERT NEALS and ROBERT C. LAVERY,** : | |
| : | |
| **Plaintiffs** | |
| : | **CIVIL ACTION NO. 3:11-1175** |
| v. | |
| : | **(KOSIK, D.J.)** |
| **DOMINICK DeROSE, Warden; DEPUTY NICHOLS; DEPUTY CARROLL; PRIME CARE MEDICAL CO., INC., and ANY AND ALL DAUPHIN COUNTY PRISON STAFF INVOLVED IN THE ACTS OF DEPRIVING INMATES OF SLEEP & REST,** : | **(MANNION, M.J.)** |
| **Defendants** : | |

**REPORT AND RECOMMENDATION**[1]

On June 21, 2011, the plaintiffs, three current or former inmates at the Dauphin County Prison, filed the instant civil rights action pursuant to 42 U.S.C. §1983[2], in which they claim that they are being deprived of adequate sleep because of the prison's schedule. (Doc. No. 1). Appropriate applications to proceed in forma pauperis and authorization forms were filed by the plaintiffs and, as a result, financial administrative orders were issued directing

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] A fourth inmate who was named as a plaintiff filed a motion for voluntary dismissal which was granted by order dated July 12, 2011. (Doc. No. 23).

the Superintendent/Warden to deduct monies from the plaintiffs' inmate accounts to pay the applicable filing fees.

Upon review of the complaint, the plaintiffs allege that on a typical day at the Dauphin County Prison the following events occur. Inmates who suffer from diabetes are awakened at 3:15 a.m. to have their daily blood sugar level check. At 3:25 a.m., a call for distribution of medications is made, followed by a call for the first meal of the day at 3:30 a.m. At 6:00 a.m., there is a change of the guards which includes ". . . loud shouting and iron gates banging shut . . ." From 6:15 a.m. until 8:00 a.m., other staff "trickle into work and more noise occurs." At 8:00 a.m., the inmates are directed to get up and make their beds. Between 8:00 a.m. and 9:00 a.m. or 9:30 a.m., inmates are called for various programs. At 10:30 a.m., the mid-day meal occurs. From 1:00 p.m. until approximately 2:00 p.m., inmates are called for afternoon programs. At 3:30 p.m., the last meal of the day occurs. From approximately 6:00 p.m. until 8:50 p.m., recreational activity takes place which ". . . occurs directly outside the cell doors and the noise is at an extremely high level . . ." From 9:00 p.m. until 10:00 p.m., ". . . much shouting occurs between inmates . . ." On housing units L and M, additional recreation occurs from approximately 10:10 p.m. until 12:00 a.m., after which " . . . the returning inmates talk loudly and communicate with DCP staff while iron gates bang shut in addition to the slaming (sic) of the cell doors as the returned inmates are locked in their cells . . ."

Because of the schedule kept at the Dauphin County Prison, the plaintiffs allege that inmates are deprived of sleep in violation of their Eighth Amendment rights not to be subjected to cruel and unusual punishment. The plaintiff's further allege that such deprivation constitutes intentional and negligent infliction of emotional distress. The plaintiffs are seeking injunctive relief as well as monetary damages.

The Prison Litigation Reform Act of 1995 requires prisoners to exhaust prison grievance procedures before filing suit. See 42 U.S.C. §1997(e)(a); Jones v. Bock, 549 U.S. 199 (2007). Specifically, 42 U.S.C. § 1997(e) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In addressing the exhaustion requirement, the Supreme Court has made clear that prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitation on the kind of relief that available through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Booth v. Churner, 532 U.S. 731, 742 n.6 (2001). The Third Circuit has held that "it is beyond the power of this court . . . to excuse compliance with the exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000); see also Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004).

3

The PLRA's requirement of exhaustion requires not just exhaustion of administrative remedies, but proper exhaustion which includes compliance with the prison's procedural rules, such as deadlines for filing grievances and appeals. Woodford v. Ngo, 548 U.S. 81, 88 (2006).

The exhaustion requirement imposed by the PLRA is an affirmative defense that must be pleaded and proven by defendants in a civil rights action. Jones, 549 U.S. at 216. Even though exhaustion is an affirmative defense, however, *sua sponte* dismissal of an action is proper where failure to exhaust available administrative remedies available to a plaintiff is clear on the face of the complaint. See McPherson v. U.S., 2010 WL 3446879, **3-4 (3d Cir. 2010)[3].

The Third Circuit has held that prisoners may not file a federal civil rights action before exhausting their administrative remedies and that to allow such would circumvent the PLRA rule requiring exhaustion. Nyhuis, 204 F.3d at 67 n.12 (finding that the PLRA requires that "inmates first test and exhaust the administrative [grievance] process, and then, if dissatisfied, take the time necessary to file a timely federal action."); see also Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002).

Upon review of the complaint in the instant action, the plaintiffs allege that they have filed a grievance with respect to the claims which they now

---

[3]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

4

attempt to raise, but that they have not completed the grievance process stating that "[t]his is an imediate (sic) mental and physical health concern many of us are fearful of retaliation and reprisal, the stress and duress is high, and the torture is ongoing we are currently suffering." Because it is clear from the face of the complaint that the plaintiffs have not exhausted their administrative remedies prior to bringing the instant action, their complaint should be dismissed. See Jones v. Lorady, 2011 WL 2461982 (M.D.Pa.) (Kosik, J.) (dismissing complaint *sua sponte* for plaintiff's failure to exhaust administrative remedies); Bartelli v. Fedak, 2006 WL 1008996 (M.D.Pa.) (Kosik, J.) (same).

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the plaintiffs' complaint, **(Doc. No. 1)**, be **DISMISSED**.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** July 28, 2011

O:\shared\REPORTS\2011 Reports\11-1175-01.wpd